UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRAYTON POINT, LLC | : |
|     Plaintiff, | : |
| | : |
| v. | :   Civil Action No. |
| | : |
| TOWN OF SOMERSET; ALLEN SMITH, JAMISON SOUZA, and TODD COSTA as they are Members of the SOMERSET BOARD OF SELECTMEN | : |
|     Defendants. | : |

## COMPLAINT

### Preliminary Statement

Plaintiff Brayton Point, LLC seeks redress for the blatant and deliberate deprivation of its constitutional rights by the Town of Somerset and the members of its Board of Selectmen (the "Town" or "Defendant"). At the eleventh hour of a criminal prosecution that had been pending for approximately *a year-and-a-half* in the Fall River District Court, the Town decided to make itself judge and jury when it entered a *nolle prosequi* in that pending criminal proceeding, in which the Town sought millions of dollars of fines against Plaintiff. Apparently dissatisfied with the tea leaves in Fall River District Court, the Town instead decided to record unlawful liens against Plaintiff's property for the very fines it had been seeking in the criminal action. The Town's dilatory and bad faith tactics have deprived Plaintiff of its day in court and stripped Plaintiff of the due process it is guaranteed by the United States Constitution.

### Parties

1. Plaintiff is a Missouri limited liability company which owns property located at 1 Brayton Point, Road, Somerset, Bristol County, Massachusetts 02725 ("Property").

2. Defendant Town of Somerset is a municipality, which has a business address of Somerset Town Hall, 140 Wood Street, Somerset, Bristol County, Massachusetts, 02726.

1

3. Defendant Allen Smith is the Chairman of the Board of Selectmen, which has a business address of Somerset Town Hall, 140 Wood Street, Somerset, Bristol County, Massachusetts, 02726. He is sued herein in his representative capacity.

4. Defendant Jamison Souza is a Member of the Board of Selectmen, which has a business address of Somerset Town Hall, 140 Wood Street, Somerset, Bristol County, Massachusetts, 02726. He is sued herein in his representative capacity.

5. Defendant Todd Costa is a Member of the Board of Selectmen, which has a business address of Somerset Town Hall, 140 Wood Street, Somerset, Bristol County, Massachusetts, 02726. He is sued herein in his representative capacity.

## Jurisdiction and Venue

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

7. Venue in the United States District Court for the District of Massachusetts is proper pursuant to 28 U.S.C. § 1391.

## Factual Allegations

8. Plaintiff owns the Property, which is the former location of the Brayton Point Power Station, a coal fired power plant.

9. On September 26, 2019, Plaintiff applied for planned development approval pursuant to § 6.10 of the Town's Zoning By-law for the use of the site for a scrap metal wholesale storage and transport business and a salt wholesale storage and transport business.

10. On January 7, 2020, by way of Decision No. 29 of 2019, the Zoning Board of Appeals ("ZBA") approved Plaintiff's planned development permit which granted it (and its tenants) the ability to conduct certain operations at the Property.

11. Included as part of the conditions of Decision No. 29 of 2019 was the following: "Pursuant to Section 4.2.6.b of the [bylaw], no dust or fumes incident to storage or handling of scrap metal . . . shall leave the [s]ite."

12. On July 27, 2020, a Somerset resident filed a written complaint with the Town's Zoning Enforcement Officer, alleging a violation of Decision No. 29 of 2019 for dust leaving the Property.

13. On July 31, 2020, a different Somerset resident filed another written complaint with the Town's Zoning Enforcement Officer, alleging the same violation (i.e., dust leaving the property).

14. Both complaints were denied by the Town's Zoning Enforcement Officer.

15. Both complaints were appealed to the ZBA.

16. After public hearings on both appeals, on November 24, 2020 the ZBA issued Decision No. 26 of 2020 and Decision No. 29 of 2020, which contained the following order: "Brayton Point LLC will suspend all operations authorized by Decision 29 of 2019. Brayton Point LLC will be required to submit a plan to the Building Commissioner detailing what measures and monitoring will be implemented to ensure that such violations will not reoccur. The Building Commissioner will not allow operations to resume until he is satisfied that the measures will be sufficient to ensure that such violations will not reoccur."

17. On November 24, 2020, the Town's Zoning Enforcement Officer issued a Cease and Desist Order to Plaintiff.

18. The November 24, 2020 Cease and Desist Order states: "Brayton Point LLC is in violation of the Zoning Board of Appeals order to suspend operations, and therefore you are notified that a fine of $300.00 per day shall be imposed for each truck that enters 1 Brayton Point Road, Assessors Map A-2, Lot 2 that is related to scrap metal or salt operations. Please be advised that Section 7.2 of the Zoning By-law provides penalties of Three Hundred Dollars ($300.00) for each day of continued violations."

19. On December 31, 2020, the Town's Zoning Building Commissioner approved a new operations protocol and released the Cease and Desist Order.

20. On January 14, 2021, three Somerset residents filed appeals with the ZBA challenging the decision of the Town's Building Commissioner to approve the new operations protocol and release of the Cease and Desist Order.

21. All three Somerset residents that filed appeals with the ZBA are (or at the relevant time, were) members of Save Our Bay Brayton Point, Inc. ("SOBBP").

22. SOBBP's filed Articles of Organization with the Massachusetts Secretary of State on January 2, 2020.

23. SOBBP's President at the time of filing its Articles of Organization was Defendant Smith.

24. SOBBP and its members publicly and vociferously opposed Plaintiff's operations and routinely testified in opposition to Plaintiff at ZBA meetings and other public meetings.

25. After public hearings, on February 18, 2021, the ZBA voted to overturn the decision of the Building Commissioner.

26. On February 19, 2021, the Town's Zoning Enforcement Officer issued a Cease and Desist Order, which stated as follows: "As of February 19, 2021 you are ordered to suspend all activities that pertain to the moving of scrap metal and salt and any other activities related to scrap metal and salt. The operations will not be allowed to resume until the Zoning Board of Appeals lifts the cease and desist. Please be advised that Section 7.2 of the Zoning By-law provides penalties of Three Hundred Dollars ($300.00) for each Day of continued violation."

27. On March 8, 2021, the ZBA issued Decision Nos. 7, 8, and 9 of 2021, which all contained the following order: "The Building Commissioner's Decision of December 31, 2020 is hereby annulled, and Brayton Point LLC shall immediately suspend all operations in accordance with the terms of the ZBA's Order issued as part of Decisions 26 and 29 of 2020, which Order remains in full force and effect. As may be required, the ZBA hereby restates and reimposes such Order, and confirms that the intent of the ZBA Order is to allow operations to resume only when the Building Commissioner approves a dust control and monitoring plan submitted by Brayton Point LLC that complies with the Approval and the Zoning Bylaws."

28. Plaintiff timely appealed Decision Nos. 26 and 29 of 2020 and Decision Nos. 7, 8, and 9 of 2021 to the Massachusetts Land Court. Those appeals were consolidated as NO. 20 MISC 000533 (RBF) and NO. 21 MISC. 000155 (RBF) before the Honorable Robert B. Foster.

29. After a multi-day trial, on March 7, 2022, Judge Foster issued a decision upholding the ZBA despite finding that "it is unreasonable for the ZBA to interpret the 2019 decision as holding Brayton Point to a stricter standard than the bylaw . . . [and] it is unreasonable for

5

the ZBA to interpret both the 2019 decision and the bylaw as requiring a 'zero-dust' standard."

30. Judge Foster ordered Plaintiff "to cease the operations of its scrap metal operation within fourteen (14) days from the date of judgment." (i.e., no later than March 21, 2022).

31. Plaintiff timely ceased operations on March 21, 2022.

32. On November 29, 2023, the Town issued a criminal complaint against Plaintiff, alleging two counts: (1) Code 40A/7, Description Zoning By-law Violation c40A §7, "On 11/24/2020 did sand and gravel, in violation of a zoning ordinance or by-law of violation of Town By-Law 7.2 adopted pursuant to G.L. c.40A, §7. PENALTY: not more than $300."; and (2) Code 40/21/B, Description Municipal By-law or Ordinance Violation c40 §21, "On 11/24/2020 did uncovered trucks causing excessive dust, in violation of a municipal ordinance or by-law or by-law violation adopted pursuant to G.L. c.40, §21. PENALTY: not more than $300" ("Criminal Complaint").

33. The Criminal Complaint issued, in part, based upon the Town's Statement of Facts in Support of Application for Criminal Complaint.

34. The Town sought and obtained approval from the Bristol County District Attorney's Office to have the Town's Solicitor prosecute the Criminal Complaint.

35. The Town sought to amend the Criminal Complaint against Plaintiff *four times*. On March 4, 2025, the Town's Fourth Amended Criminal Complaint was allowed by the Fall River District Court.

36. In Count One of the Fourth Amended Criminal Complaint, the Town sought a $300 per day fine for 261 days when "[Plaintiff] did operate its business in violation of a Cease and Desist & Order dated November 24, 2020[.]" (the "Per *Day* Fine").

6

37. In Count Two of the Fourth Amended Criminal Complaint, the Town sought a $300 per truck fine for 11,195 trucks when "[Plaintiff] did operate trucks causing dust in violation of a Cease and Desist & Order dated November 24, 2020[.]" (the "Per *Truck* Fine").

38. Both the Per Day Fine count and the Per Truck Fine count allege violations of the *same* November 24, 2020 Cease and Desist & Order.

39. The Town repeatedly acknowledged in pleadings filed with the Fall River District Court that the fines had to be determined by the District Court pursuant to Massachusetts General Law and case law.

40. The Town repeatedly cited the case of *Burlington Sand & Gravel v. Town of Harvard*, 31 Mass. App. Ct. 261 (1991), arguing – and therefore judicially admitting – in its pleading before the Fall River District Court that "In *Burlington Sand & Gravel v. Town of Harvard*, 31 Mass. App. Ct. 261 (1991), the Appeals Court held that ***municipalities seeking non-criminal fines must use M.G.L. c.40[sic] §21 and bring the matter to District Court.***" (emphasis added).

41. The Appeals Court in *Burlington Sand & Gravel* actually stated that: "If a city or town decides ***to seek a fine*** for a zoning by-law violation, however, ***it must proceed by a complaint in a District Court*** or by an indictment in the Superior Court under G. L. c. 40, § 21." (emphasis added).

42. On March 4, 2025 (over 15 months after the Criminal Complaint was first filed), the parties appeared before the Fall River District Court for a pre-trial hearing.

43. The parties presented the Court with an agreed proposal whereby the parties would submit competing tenders of plea for the Court's consideration ("Tender of Pleas").

44. The critical issue between the parties was whether the Per *Truck* Fine could be imposed, and the parties briefed that issue before the District Court. Plaintiff Brayton Point, LLC contended that the Town could only impose a $300 fine per day, and tendered a plea in the amount of $78,300, representing $300 for each day the Town alleged the cease and desist order was violated. The Town argued that it could impose a per truck fine in addition to a per day fine, amounting to over $3 million in total fines.

45. At the March 4th hearing, Fall River District Court Judge Pino made the following statement on the record: "I've already taken Judicial Notice of the Land Court's findings. . . . And one of those findings was, *[Judge Foster] found that it was a per day and not per truck violation*. So, I don't need to make a finding on that. *That's now established* because I took judicial notice of it." (emphasis added)

46. The Land Court finding referenced by Judge Pino is as follows: "Pursuant to decisions 26 and 29, the commissioner issued a cease and desist order to Brayton Point on November 24, 2020. The cease and desist order carries a fine of *$300.00 a day* for violating the order." (emphasis added).

47. The matter was continued to April 7th to provide the parties with the opportunities to submit legal briefs on the per day versus per truck issue.

48. On April 2, 2025, the Town, at the direction of the Board of Selectmen, recorded Municipal Charges Liens against the Property pursuant to General Laws Chapter 40 Section 58 in the total amount of $3,452,940. The recordings are as follows:

    a. Book 11748, Page 35 – November 2020 totaling $55,110.00;

    b. Book 11748, Page 37 – December 2020 totaling $320,610.00;

    c. Book 11748, Page 39 – January 2021 totaling $338,010.00;

    d.  Book 11748, Page 41 – February 2021 totaling $425,910.00;

    e.  Book 11748, Page 43 – March 2021 totaling $305,610.00;

    f.  Book 11748, Page 45 – April 2021 totaling $277,710.00;

    g.  Book 11748, Page 47 – May 2021 totaling $249,210.00;

    h.  Book 11748, Page 49 – June 2021 totaling $261,810.00;

    i.  Book 11748, Page 51 – July 2021 totaling $228,510.00;

    j.  Book 11748, Page 53 – August 2021 totaling $289,710.00;

    k.  Book 11748, Page 55 – September 2021 totaling $253,110.00;

    l.  Book 11748, Page 57 – October 2021 totaling $212,610.00;

    m.  Book 11748, Page 59 – November 2021 totaling $130,110.00; and

    n.  Book 11748, Page 61 – December 2021 totaling $104,910.00.

49. The recording of the liens came as a shock to the Plaintiff, as this issue was in the midst of a criminal proceeding, and was done without prior notice to either Plaintiff or the Fall River District Court.

50. In the morning on April 7, 2025, when the Fall River District Court was set to consider the Tender of Pleas, the Town filed a last-minute motion seeking dismissal of the Criminal Complaint pursuant to Rule 16 of the Massachusetts Rules of Criminal Procedure. The Court continued the matter to April 28, 2025.

51. On April 28, 2025, the parties appeared before Judge Pino on the Town's request to dismiss the criminal complaint.

52. At the April 28, 2025 hearing, Judge Pino remarked that "if [the Town] nolle proses the case, I have no discretion, none, and I mean, I have to tell you that, you know, having lived with this case now for quite awhile, ***it does bother me that this late in the game [the Town***

***is] moving to now nolle pros the case based upon what I think is findings that I made that were detrimental to [the Town's] case."*** (emphasis added).

53. Despite the Court's clear concern about the actions taken by the Town, the Court was left without discretion but to allow the Town to *nolle prosequi* the Criminal Complaint.

54. The Town, despite its repeated admissions in its own pleadings that the fines could only be imposed through a criminal complaint proceeding in the District Court, operated in bad faith by seeking dismissal of the criminal complaint ,in part based upon findings that Judge Pino made that were detrimental to the Town's case, and instead recorded illegal liens against the Property for fines that have never been imposed by the very method the Town admitted in its pleadings needed to be used.

55. No court has ever imposed fines related to the alleged zoning violations that constitute the totality of the Municipal Lien Charges recorded by the Town against the Property.

56. Defendant's publication that it has a claim that "is the result of unpaid local fees and fines" is a false statement as the alleged fines could only  be imposed by a statutorily approved method—such as the proceeding in the Fall River District Court—and no such method was ever completed.

57. Thus, the Town's assertion that there are unpaid fines is false.

58. No fines exist because they have not been imposed by a method prescribed by Chapter 40 Section 21 of the Massachusetts General Laws, which states "Notwithstanding the provisions of any special law to the contrary, fines shall be recovered by indictment or on complaint before a district court, or by noncriminal disposition in accordance with section twenty-one D."

## Count I

### 42 U.S.C. Section 1983 - Violation of Procedural Due Process

59. Plaintiff repeats and reavers the allegations contained in Paragraphs 1 through 58, as if fully set forth herein.

60. Through the conduct described herein, Defendants, acting under color and authority of law, deprived Plaintiff of liberty and property interests without due process of law.

61. Plaintiff's rights as protected by the Fifth and Fourteenth Amendments to the United States Constitution were violated by the Town through its attempt to enforce fines against Plaintiff with no finding or judgment by any court of competent jurisdiction.

## Count II

### 42 U.S.C. Section 1983 - Violation of Substantive Due Process

62. Plaintiff repeats and reavers the allegations contained in Paragraphs 1 through 61, as if fully set forth herein.

63. Through the conduct described herein, Defendants, acting under color and authority of law, deprived Plaintiff of liberty and property interests without due process of law.

64. Plaintiff's rights as protected by the Fifth and Fourteenth Amendments to the United States Constitution were violated by the Town through its attempt to enforce fines against Plaintiff with no finding or judgment by any court of competent jurisdiction.

## Count III

### 42 U.S.C. Section 1983 – Retaliation in Violation of First Amendment Rights

65. Plaintiff repeats and reavers the allegations contained in Paragraphs 1 through 64, as if fully set forth herein.

66. Plaintiff engaged in constitutionally protected speech through the filing and defending of the lawsuits described herein as well as in its defense to the Town's actions in the Fall River District Court action.

67. Defendants retaliated against Plaintiff by recording the unlawful liens against the Property in an attempt to affect Plaintiff's constitutionally protected speech.

68. The actions of the Defendants in recording the unlawful liens were directly motivated by the Plaintiff's speech.

69. The retaliatory acts violated the constitutional rights guaranteed to Plaintiff by the First Amendment of the United States Constitution.

## Count IV

### Slander of Title

70. Plaintiff repeats and reavers the allegations contained in Paragraphs 1 through 69, as if fully set forth herein.

71. Defendant published a false statement through the recording of the Municipal Lien Charges.

72. The Town's publication of the false statement was with malice.

73. The recording of the liens has created a cloud on Plaintiff's title and caused injury to the Plaintiff.

## Count V

### Abuse of Process

74. Plaintiff repeats and reavers the allegations contained in Paragraphs 1 through 73, as if fully set forth herein.

75. The Town instituted the Criminal Complaint against Plaintiff, and in particular count two of the Criminal Complaint, for ulterior and illegitimate purposes.

76. Plaintiff has suffered damages as a result of the Town's use of the Criminal Complaint for illegitimate purposes.

## Request for Relief

WHEREFORE, Plaintiff prays that this Honorable Court:

(a) Enter a Declaratory Judgment for Plaintiff that its constitutional rights were violated and that the Municipal Lien Charges are null and void and shall be discharged forthwith;

(b) Award Plaintiff its reasonable attorney's fees and costs; and

(c) Grant such other and further relief as may be just and necessary.

BRAYTON POINT LLC

By its Attorneys,

PANNONE LOPES DEVEREAUX & O'GARA LLC

*/s/ Patrick J. McBurney*
Patrick J. McBurney (BBO# 687589)
Brian J. Lamoureux (BBO#643482)
PANNONE LOPES DEVEREAUX & O'GARA LLC
1301 Atwood Avenue, Suite 215N
Johnston, RI  02919
(401) 824-5100
(401) 824-5123 (fax)
pmcburney@pldolaw.com
bjl@pldolaw.com

DATED: September 12, 2025